**LUPE DEVELOPMENT PARTNERS,**
Appellant,

v.

**CITY OF MINNEAPOLIS, Respondent.**

No. C9–90–2668.

Court of Appeals of Minnesota.

Aug. 6, 1991.

David M. Anderson, Minneapolis, for appellant.

Robert J. Alfton, City Atty., William C. Dunning, Asst. Mpls. City Atty., Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court granted summary judgment in favor of the City of Minneapolis, (City) holding that appellant Lupe Development Partners' (Lupe) proposal to convert a fraternity house into a rooming house is prohibited by applicable provisions of the zoning ordinance. Appellant challenges summary judgment, alleging its proposed use of the property is not that of a rooming house but is a use "substantially similar" to the prior use and should be allowed under Minneapolis, Minn., Code of Ordinances § 534.460 (1989). We affirm.

## FACTS

Lupe, a Minnesota General Partnership, proposes to convert a fraternity house located at 1011 Fourth Street Southeast in Minneapolis into housing for graduate students. The building at issue was constructed in the early 1950s and has been continuously used by the Phi Delta Theta fraternity until becoming subject to foreclosure proceedings.

The property is located in a R–5 residential zoning district, which at the time of this action allowed, among other uses, fraternity houses and rooming houses. Minneapolis, Minn., Code of Ordinances §§ 522.70, 538.890 (1989). Lupe intends to renovate the building to provide 30 sleeping rooms to rent to graduate students at the University of Minnesota with shared kitchen and bathroom facilities. Lupe contacted the Minneapolis zoning office and was informed that the fraternity house could not be converted to a boarding house or a rooming house under the Minneapolis zoning ordinances. Lupe appealed the determination to the Minneapolis Board of Adjustment which voted unanimously to uphold the zoning office staff's determination. Lupe filed a Notice of Exception, requesting a hearing before the Minneapolis City Council. The Zoning and Planning Committee of the Minneapolis City Council heard the appeal and voted unanimously to uphold the determination of the zoning office. The City Council affirmed the decision in detailed findings.

Lupe initiated a declaratory judgment action against the City, claiming it is entitled to develop the property as proposed. Both parties brought cross-motions for summary judgment. The trial court granted the City's motion, finding that the proposed use is that of a rooming house which is not a "substantially similar" use as that of a fraternity house and is not allowed under the zoning ordinances.

## ISSUE

Did the trial court err in granting summary judgment, finding that the proposed use of the property is that of a rooming house and therefore subject to the applicable provision of the Minneapolis zoning ordinances and the substantial similar provision of the zoning ordinance is not applicable?

## ANALYSIS

Summary judgment is appropriate where no issue of material fact exists and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. The parties brought cross-motions for summary judgment, indicating that there is no material issue of fact. The only question is whether the trial court correctly held that the City is entitled to judgment as a matter of law. This court reviews a question of law *de novo*. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989).

Lupe's proposed use of the property is that of a rooming house, which use is specifically provided for in the zoning ordinance. The "substantially similar" provi-

sion of the zoning ordinance only comes into play when the use applied for is not provided for in the zoning ordinance. Minneapolis, Minn., Code of Ordinances § 534.-460 provides as follows:

> whenever the zoning administrator shall find that *a use not herein included* is substantially similar to a use regulated herein, the zoning administrator shall file a report setting forth the facts with the city planning commission. * * * Whenever the city council shall have determined that a use is substantially similar to a use included in these regulations, such use shall thereafter be permitted wherever the similar listed use is authorized.

(Emphasis added.)

At the time of this action, rooming houses were permitted in R–5 zoning districts. However, the type of rooming houses permitted were restricted by the following definition of rooming house:

> *[a] building which was occupied as a single-family or two-family dwelling only (no mixed occupancy) on July 19, 1963,* and has since been converted to provide rooming units for three (3) or more persons who are not members of the keeper's family, together with buildings accessory to the principal use of the premises as a dwelling unit by the keeper. Rooms are provided for compensation on a weekly or monthly basis. No meals or meal service is provided by the operator.

(Emphasis added).

Minneapolis, Minn., Code of Ordinances § 522.40 (1989). The definition limits rooming houses to buildings which were single-family or two-family dwellings on July 19, 1963. The building at issue does not fit this definition and is not the type of rooming house permitted by the zoning ordinances.

It further appears that Lupe's "substantially similar" argument must fail on the merits. The City has shown that the fraternity house was used to provide social and educational opportunities for its members as well as providing for sleeping and living quarters and that the use of the building is intertwined with control over and accountability of the occupants. The documentary evidence clearly establishes that a rooming house would not be subject to control by the University of Minnesota as would a fraternity house. For these reasons, we conclude that the prior use of the building as a fraternity house is not "substantially similar" to the proposed use as a rooming house.

## DECISION

The trial court correctly granted summary judgment in favor of the City.

Affirmed.